UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.:

ROBERTO RUIZ
and other similarly situated individuals,

      Plaintiff(s),

v.

PURA VIDA MEDICAL CENTER, LLC

      Defendant,

_____/

## **COMPLAINT**
### (OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiff ROBERTO RUIZ, and other similarly situated

individuals, by and through the undersigned counsel, and hereby sues Defendant PURA

VIDA MEDICAL CENTER, LLC, and alleges:

### JURISDICTION VENUES AND PARTIES

1. This is an action to recover money damages for unpaid overtime wages under the

   laws of the United States.  This Court has jurisdiction pursuant to the Fair Labor

   Standards Act, 29 U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the

   Act").

2. Plaintiff ROBERTO RUIZ is a resident of Miami-Dade County, Florida, within the

   jurisdiction of this Honorable Court.   Plaintiff is a covered employee for purposes

   of the Act.

3. Corporate Defendant PURA VIDA MEDICAL CENTER, LLC (hereinafter PURA

   VIDA MEDICAL CENTER, or Defendant) is a Florida corporation having its main

place of business in Miami-Dade County, Florida, where the Plaintiff worked for Defendant. At all times material hereto, Defendant was engaged in interstate commerce. The Defendant is the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]**.**

4. All the actions raised in this complaint took place in Dade County Florida, within the jurisdiction of this Court.

<u>GENERAL ALLEGATIONS</u>

5. This cause of action is brought by Plaintiff ROBERTO RUIZ, and other similarly situated employees to recover from the Defendant overtime compensation liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT").

6. Corporate Defendant PURA VIDA MEDICAL CENTER is a medical center that provides a complete range of medical services including transportation services.

7. Defendant PURA VIDA MEDICAL CENTER employed Plaintiff ROBERTO RUIZ as a non-exempt local driver, approximately from December 7, 2018, to May 14, 2020, or 75 weeks.

8. Within his time of employment, Plaintiff was paid at the wage rate of $12.00 an hour.  Plaintiff worked at PURA VIDA MEDICAL CENTER medical center located at 7925 NW 12 ST, Suite 201, Doral, Florida 33126.

9.  Plaintiff's duties consisted of transporting patients from their homes to the medical center, taking them to specialists' medical appointments, and then returning patients home.

10. During his employment with Defendant, Plaintiff had a regular schedule, he worked 5 days per week from Monday to Friday, within the timeframe from 6:00 AM to 4:00 PM, (10 hours daily) depending on the needs of the patients.

11. Defendant deducted from Plaintiff's wages 1 hour of lunch per day. However, Plaintiff was able to take only 30 minutes of lunchtime daily. Thus, Plaintiff completed a minimum of 47.5 working hours every week. The Plaintiff has deducted already 2.5 of lunchtime.

12. Also, during the relevant period of employment, after completing his daily shifts, Plaintiff and other similarly situated drivers, worked at home in a clerical capacity. On Mondays, Tuesdays, Wednesdays, Thursdays, and Sundays, Plaintiff worked at home making telephone calls to confirm scheduled patients to be transported the following day. Plaintiff employed at least 2 hours every day to confirm the transportation of elderly patients. Thus, every week the Plaintiff spent an average of 10 additional uncompensated off-the-clock overtime hours.

13. Every week Plaintiff worked 47.5 hours worked in regular shifts; 10 off-the-clock hours worked at home; and 2.5 hours of lunchtime, unproperly deducted, which constituted unpaid overtime hours. Consequently, Plaintiff worked a total average of 60, or 20 overtime hours weekly.

14. Plaintiff worked 60 hours every week. However, he was paid for only 40 regular hours. Sometimes, the Plaintiff was paid for some overtime hours, but. there is a

substantial number of overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by the Fair Labor Standards Act.

15. Plaintiff clocked in and out for a few months, and then he didn't, but the Defendant always was in complete control of Plaintiff's working hours, and it was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

16. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

17. Plaintiff was paid bi-weekly with checks and paystubs that did not show the real number of days and hours worked.

18. Plaintiff was paid bi-weekly with direct deposits, and he was unable to see the number of hours worked and other basic information.

19. On or about May 14, 2020, Plaintiff quit his employment due to COVID-19 concerns.

20. The Plaintiff does not have time and payment records. However, he will provide a good faith estimate based on his recollections. After proper discovery, the Plaintiff is going to amend his statement of claim.

21. Plaintiff ROBERTO RUIZ seeks unpaid overtime hours, liquidated damages, and any other relief as allowable by law.

22. The additional persons who may become Plaintiffs in this action, are employees and/or former employees of Defendant who are and who were subject to the unlawful payroll practices and procedures of Defendant and were not paid overtime

wages at the rate of time and one half of their regular rate of pay for all overtime hours worked over forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION;
### FAILURE TO PAY OVERTIME;

23. Plaintiff ROBERTO RUIZ re-adopts every factual allegation as stated in paragraphs 1-22 above as if set out in full herein.

24. This action is brought by Plaintiff ROBERTO RUIZ and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.  29 U.S.C. § 207 (a)(1) states, "No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

25. This cause of action is brought by Plaintiff ROBERTO RUIZ as a collective action to recover from the Defendant overtime compensation, liquidated damages, costs, and reasonable attorney's fees under the provisions of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT"), on behalf of Plaintiff and all other current and former employees similarly situated to Plaintiff ("the asserted class") and who worked over forty (40) hours during one or more weeks on or after December 2018,  (the "material time") without being compensated "at a rate not less than one and a half times the regular rate at which he is employed."

26. Defendant PURA VIDA MEDICAL CENTER was and is engaged in interstate commerce pursuant to 29 U.S. Code § 203 (r) (2) (C) and 203 (s) (1) (C). Defendant provides medical services and receives payments from Medicare and Medicaid. Defendant has more than two employees recurrently engaged in commerce or the production of goods for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always material hereto more than $500,000 per annum. Because of the foregoing, Defendant's business activities involved those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

27. Plaintiff and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, the Plaintiff was a driver, and through his daily activities, used the channels of interstate commerce and transported patients recipients of Medicare and Medicaid. Therefore, there is individual coverage.

28. Defendant PURA VIDA MEDICAL CENTER employed Plaintiff ROBERTO RUIZ as a non-exempt local driver, approximately from December 7, 2018, to May 14, 2020, or 75 weeks.

29. Within his time of employment, Plaintiff was paid at the wage rate of $12.00 an hour. Plaintiff worked at PURA VIDA MEDICAL CENTER located at 7925 NW 12 ST, Suite 201, Doral, Florida 33126.

30. Plaintiff's duties consisted of transporting patients from their homes to the medical center, taking them to specialists' medical appointments, and then returning patients home.

31. During his employment with Defendant, Plaintiff had a regular schedule, he worked 5 days per week from Monday to Friday an average of 47.5 hours per week.

32. Defendant deducted from Plaintiff's wages 1 hour of lunch per day. However, Plaintiff was able to take only 30 minutes of lunchtime daily. Thus, Plaintiff completed a minimum of 47.5 working hours every week. (The Plaintiff has deducted already 2.5 of lunchtime).

33. Also, during the relevant period of employment, Plaintiff worked at home 10 off the clock hours weekly.

34. Every week Plaintiff worked 47.5 hours worked in regular shifts; 10 off-the-clock hours worked at home; and 2.5 hours of lunchtime, unproperly deducted, which constituted unpaid overtime hours. Consequently, Plaintiff worked a total average of 60, or 20 overtime hours weekly.

35. Plaintiff worked 60 hours every week. However, he was paid for only 40 regular hours. Sometimes, the Plaintiff was paid for some overtime hours, but. there is a substantial number of overtime hours that were not paid to Plaintiff at any rate, not even at the minimum wage rate, as required by the Fair Labor Standards Act.

36. Plaintiff clocked-in-and out for a few months, and then he didn't, but the Defendant always was in complete control of Plaintiff's working hours, and it was able to keep track of the hours worked by Plaintiff and other similarly situated individuals.

37. Therefore, Defendant willfully failed to pay Plaintiff overtime hours at the rate of time and one-half his regular rate for every hour that he worked over forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1). and 29 U.S.C. § 201 et seq.

38. Plaintiff was paid bi-weekly by direct deposits, and he was not able to see the number of days and hours worked and other basic information.

39. The records, if any, concerning the number of hours worked by the Plaintiff and all other employees, and the compensation paid to such employees should be in the possession and custody of the Defendant.  However, upon information and belief, the Defendant did not maintain accurate and complete time records of hours worked by Plaintiff and other employees in the asserted class.

40.  The Defendant violated the record-keeping requirements of FLSA, 29 CFR Part 516.

41. Before the completion of discovery and to the best of Plaintiff's knowledge, at the time of the filing of this complaint, the Plaintiff's good faith estimate of unpaid wages are as follows:

*Please note that these amounts are based on a preliminary calculation after proper discovery, Plaintiff will adjust his calculations.

    a.   <u>Total amount of alleged half-time unpaid O/T wages</u>:

       Twenty-Seven Thousand Dollars and 00/100 ($27,000.00)

    b.   <u>Calculation of such wages</u>:

       Total weeks of employment:  75 weeks
       Relevant weeks of employment:  75 weeks
       Total number of hours worked:  60 average weekly.
       Total number of overtime hours: 20 hours weekly
       Total number of unpaid O/T hours:  20 hours weekly

Regular rate: $12.00 an hour x 1.5 =$18.00 O/T rate

O/T rate $18.00 x 20 O/T hours=$360.00 wkly x 75 weeks=$27,000.00

c.  Nature of wages (e.g. overtime or straight time):

This amount represents unpaid overtime wages.

42. At all times material hereto, the Employer/Defendant failed to comply with Title 29 U.S.C. §§ 201-219 and 29 C.F.R. § 516.2 and § 516.4 et seq. in that Plaintiff and those similarly-situated performed services and worked more than the maximum hours provided by the Act but no provision was made by the Defendant to properly pay him at the rate of time and one half for all hours worked over forty hours (40) per workweek as provided in said Act.

43. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiff and those similarly-situated these overtime wages since the commencement of Plaintiff and those similarly-situated employee's employment with Defendant as set forth above, and Plaintiff and those similarly-situated are entitled to recover double damages.

44. Defendant PURA VIDA MEDICAL CENTER willfully and intentionally refused to pay Plaintiff overtime wages as required by the law of the United States, and remains owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendant, as set forth above.

45. Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff ROBERTO RUIZ and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiff and other similarly situated and against the Defendant PURA VIDA MEDICAL CENTER based on Defendant's willful violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiff actual damages in the amount shown to be due for unpaid overtime compensation for hours worked more than forty weekly, with interest; and

C. Award Plaintiff an equal amount in double damages/liquidated damages; and

D. Award Plaintiff reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

## JURY DEMAND

Plaintiff ROBERTO RUIZ and those similarly situated demand trial by a jury of all issues triable as of right by a jury.

Dated:  June30, 2020

Respectfully submitted,


By: **  /s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiff*